UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERSON E. B.,<br><br>　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　Defendant. | Case No.  2:21-CV-00058-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Pending is Petitioner Jefferson E. B.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 13) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

　　Petitioner is a sixty-one-year-old man with a history of heart disease, neuralgia, back pain, depression, anxiety, personality disorder, post-traumatic stress disorder ("PTSD"), and cannabis abuse.  AR[1] 40; *see also* Pt.'s Br. at 1 (Dkt. 13).  On March 12, 2018, Petitioner filed an application for social security disability income ("SSDI") as well as an application for supplemental security income ("SSI") alleging a disability onset date of August 29, 2017.  AR 37.  The claim was denied initially and on reconsideration and Petitioner requested a hearing in

---

[1] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 12).

**MEMORANDUM DECISION AND ORDER - 1**

front of an Administrative Law Judge ("ALJ"). *Id.* On February 6, 2020, the claim went to a hearing before ALJ Marie Palachuk. *Id.* On July 22, 2020, the ALJ issued a decision that was unfavorable to Petitioner. AR 34-51.

Petitioner appealed this decision to the Appeals Council. The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-7.

Having exhausted his administrative remedies, Petitioner filed this case. Petitioner raises a single point of error: that the "grid rules" required the ALJ to find him disabled because the ALJ found that Petitioner could not return to his past work. Pt.'s Br. at 4-8 (Dkt. 13).

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the

**MEMORANDUM DECISION AND ORDER - 2**

conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay

**MEMORANDUM DECISION AND ORDER - 3**

or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.

**MEMORANDUM DECISION AND ORDER - 4**

20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## DISCUSSION

The ALJ found that Petitioner suffers from the following severe impairments: obesity, cardiomyopathy, aortic root dilation status post-graft without residual effects, non-union sternum, history of neuralgia, degenerative disc disease of the cervical spine, major depressive disorder, generalized anxiety disorder, personality disorder, PTSD, and ongoing cannabis abuse.  AR 40.  The ALJ determined that the limitations caused by these impairments, when combined, would prevent Petitioner from working.  AR 47.  Because one of Petitioner's recognized impairments involved substance abuse, however, this finding did not conclude the ALJ's analysis.

**MEMORANDUM DECISION AND ORDER - 5**

Congress has mandated that an individual is not disabled "if alcoholism or drug addiction would. . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). When evaluating whether a claimant's drug addiction or alcoholism ("DAA") is a contributing factor material to the determination of disability, the ALJ engages in a two-step analysis. First, an ALJ conducts the normal five-step sequential process without separating out the impact of alcoholism or drug addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001); *see also* SSR 13-2p; *Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007). If the ALJ finds that the claimant is not disabled under the five-step inquiry, when the claimant's substance abuse is considered as a potentially impairing condition, then the claimant is not entitled to benefits and the analysis ends. *Id.* If, however, the ALJ finds that the claimant would be disabled and there is medical evidence of the claimant's drug addiction or alcoholism, the ALJ must proceed under 20 C.F.R. §§ 404.1535 or 416.935 to determine if the claimant's substance abuse is a material contributing factor to his or her disability. *Id.*

This second stage of the analysis requires the ALJ to repeat the disability inquiry, separating out the impact of a claimant's substance abuse. To do this, the ALJ to evaluates what limitations would remain if the claimant stopped using drugs or alcohol and decides if these limitations are independently disabling. *See* §§ 404.1535 and 416.935; *see also Parra*, 481 F.3d at 747 (if a claimant would not be disabled if he or she stopped using drugs and alcohol, "then the claimant's substance abuse is material and benefits must be denied"). The claimant bears the burden at this stage of the analysis. *Parra*, 481 F.3d at 748.

The ALJ in this case followed this procedure. As outlined above, the ALJ began by considering whether Petitioner was disabled under the normal five-step sequential process. AR

**MEMORANDUM DECISION AND ORDER - 6**

40-47. Relevant here, the ALJ found that Petitioner would be unable to perform any work, including his past work, if the impact of Petitioner's ongoing cannabis abuse was factored into the RFC. AR 47. The ALJ, therefore, proceeded to conduct a DAA analysis, as legally required. AR 48-51. As part of this analysis, the ALJ found that Petitioner would be able to return to his past work as an apartment manager if Petitioner stopped using cannabis. The ALJ, thus, concluded that Petitioner was not disabled. AR 51. Petitioner does not raise any challenge to the substance of these findings.

Instead, Petitioner confusingly argues that the ALJ made inconsistent findings by first concluding that Petitioner could not return to his work as an apartment manager – a finding that the ALJ made when factoring Petitioner's substance abuse into the RFC – and then later determining that Petitioner could return to his work in this job – a finding the ALJ made after excising the impact of Petitioner's cannabis use from the analysis. Pt.'s Br. at 7 (Dkt. 13). Petitioner maintains that the ALJ's first finding – that Petitioner would be considered disabled if his substance use were taken into account – mandates a finding of disability. *Id.* at 4-6. These arguments entirely disregard the DAA process and lack merit under the above law.

As the Ninth Circuit has explained, when a claimant has a history of using drugs and alcohol, "[a] finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante*, 262 F.3d at 954. A claimant with a history of substance abuse is only entitled to disability benefits if he would be found disabled in the absence of the drug or alcohol use. *Id.* Here, the ALJ found that Petitioner is not so disabled. Petitioner has raised no substantive challenge to this analysis. The Court will, therefore, affirm the ALJ's decision.

**MEMORANDUM DECISION AND ORDER - 7**

## **ORDER**

Based on the foregoing, Petitioner's Petition for Review and the Brief in Support of Petition to Review (Dkts. 1 & 13) are **DENIED,** and the decision of the Commissioner is **AFFIRMED.**

DATED: July 05, 2022

Raymond E. Patricco
Chief U.S. Magistrate Judge